UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-97-MOC-DLH-2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>)<br>Vs. )<br>)<br>)<br>)<br>MEREDITH ANN YATES, )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on defendant's Motion Pursuant to Rule 59(e) Requesting District Court of Grant Jail-Time Credit, (Doc. No. 168), and on the Government's Motion to Dismiss Petitioner's Motion, (Doc. No. 171). Defendant filed a pro se response to the motion to dismiss on September 9, 2019.

### I. BACKGROUND AND PROCEDURAL HISTORY

Following defendant's indictment for various drug and firearm charges, the magistrate judge conducted a detention hearing on November 25, 2016. (Doc. No. 160). At the hearing, both parties agreed that defendant should be released to home detention on a $25,000 bond. (Id. at 11–12). The Government requested that the Court allow the probation office to use electronic monitoring if the probation office determined such monitoring would be appropriate. (Id.). When asked whether defendant "had any problem with being on electronic monitoring," her counsel replied that the only problem was getting a landline installed, "[b]ut we would certainly like to have her out, Your Honor." (Id. at 12).

The Government did not object to defendant being released before installation of the electronic monitoring equipment, and this Court allowed her release to home detention before the

1

installation of the equipment. (Id. at 13, 18). The Court also allowed defendant to travel to Tennessee to visit her grandfather with permission from the probation office. (Id. at 15). Defendant was allowed to leave her residence for "employment, education, religious services, medical, substance abuse, mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities that are pre-approved by the office of probation and pretrial services." (Id. at 18).

Following defendant's conviction by a jury of four charges, this Court sentenced her to 60 months of imprisonment. (Doc. No. 139). The Fourth Circuit affirmed her conviction. United States v. Yates, 746 F. App'x 162 (4th Cir.), petition for cert. denied, 139 S. Ct. 616 (2018). In July 2019, defendant filed the pending motion, arguing that her release to home detention "was extremely restrictive" and, accordingly, she should receive jail-time credit for the six months and one week that she was on home detention. (Doc. No. 168 at 1–2). On August 6, 2019, this Court ordered the Government to submit a brief addressing defendant's motion. (Doc. No. 169). On August 15, 2019, the Government filed a motion to dismiss defendant's motion.

## II. DISCUSSION

Defendant argues that she should receive credit for the time that she spent on home detention before she was tried and convicted. Defendant contends that she cannot seek relief from the Bureau of Prisons because this Court deprived her of her right to due process by not advising her that the time spent on home detention would not be credited against her sentence of imprisonment. (Doc. No. 168 at 2). Because of this alleged lack of notice, she argues that she must be given credit for her time in home detention. (Id. at 3). She also argues that 18 U.S.C. § 3585(b) is unconstitutionally vague and that she did not intelligently elect bail. (Id. at 4). For the following reasons, the motion will be dismissed.

First, there is no "Rule 59(e)" in the Federal Rules of Criminal Procedure. Defendant's motion appears to be a reference to Federal Rule of Civil Procedure 59(e), which provides that in a civil case a motion to alter or amend a judgment may be made within 28 days after entry of the judgment. Defendant's motion would be untimely under Federal Rule of Civil Procedure 59(e). More importantly, she cannot use the Federal Rules of Civil Procedure to challenge her sentence in a criminal case. See United States v. Leake, 96 F. App'x 873, at *1 (4th Cir. 2004). Accordingly, defendant's motion is not cognizable under Rule 59(e), and she has not presented a basis for this Court's jurisdiction over the motion.

Next, defendant has not shown that she has exhausted her administrative remedies. Defendant is requesting a determination of time-credit on the sentence that this Court imposed. It is the province of the Attorney General, acting through the Bureau of Prisons, to give a defendant credit for the time spent in federal custody before sentencing. See 18 U.S.C. § 3583(b); United States v. Wilson, 503 U.S. 329, 333–35 (1992); Harris v. United States, 2015 WL 8366822, at *4 (W.D.N.C. Dec. 8, 2015). Prisoners must exhaust administrative remedies before seeking review of time credit calculations in court. See Wilson, 503 U.S. at 335. Defendant has not shown that she has exhausted her administrative remedies by presenting this claim to the Bureau of Prisons. See Carswell v. O'Brien, 2009 WL 5178372, at *1 (W.D. Va. Dec. 29, 2009) (dismissing § 2241 petition raising time credit claim for failure to exhaust administrative remedies); Doc. No. 168 at 2.

Additionally, this Court lacks jurisdiction to address defendant's claim under 28 U.S.C. § 2241. Errors challenging the execution of a sentence, rather than the sentence's validity, must be filed under 28 U.S.C. § 2241 in the petitioner's district of confinement. United States v. Little,

392 F.3d 671, 679–80 (4th Cir. 2004); § 2241(a).  A "request for sentencing credit is properly brought under § 2241," even if the basis for the challenge is constitutional.  Little, 392 F.3d at 679.  Because defendant is incarcerated in West Virginia, this Court would lack jurisdiction over defendant's motion even if the Court were to construe it as a § 2241 petition.  See United States v. Poole, 531 F.3d 263, 270-71, 274–75 (4th Cir. 2008) (holding that a district court lacks jurisdiction to address a § 2241 petition that is not brought in the district of the petitioner's immediate custodian).

Next, even if this Court could consider the merits of defendant's motion, her claim lacks merit.[1]  In Reno v. Koray, 515 U.S. 50, 57, 63 (1995), the Supreme Court held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General," and that a defendant who is released on bail, even if subject to restriction conditions, is not detained.  In Reno the defendant had been committed to a community treatment center and was only allowed to leave if granted authorization and accompanied by a Government special agent.  Id. at 52–53.  The Court stated that "[i]t would be anomalous to interpret § 3585(b) to require sentence credit for time spent confined in a community treatment center where the defendant is not subject to BOP's control, since Congress generally views such a restriction on liberty" not as a sentence of imprisonment, but rather as a term of probation or supervised release.  Id. at 59.  Because defendant was on home detention, rather than in the custody of the Attorney General, she is not entitled to credit for her time on pre-trial home confinement.  See United States v. Piper, 525 F.

---

[1]  To the extent that Defendant raises a new argument in her brief in opposition, suggesting that she is entitled to time-served credit for her pre-trial home detention under the First Step Act, the First Step Act simply does not provide authority for the relief Defendant seeks.  Although the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, including placing prisoners in home confinement, they "do not vest placement authority" in the federal district courts.  United States v. Smith, No. 6:15cr6-1, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019).

App'x 205, 209–10 (3rd Cir. 2013) (holding "home detention as a condition of bail cannot be credited as time served"); Randall v. Whelan, 938 F.2d 522, 525 (4th Cir. 1991) (denying credit for time spent in drug rehabilitation center and recognizing the presumption that "'custody' refers to the legal authority of the custodian rather than to actual housing conditions"); United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991) (rejecting claim that defendant should have received time credit for time she spent while on appeal bond, which included electronic monitoring).

Defendant's due process claim also lacks merit because her contention that she had a liberty interest in starting a potential future sentence early is too speculative and insubstantial to merit due process protection. See Cucciniello v. Keller, 137 F.3d 721, 724 (2d Cir. 1998) (rejecting due process claim and holding that at the time a pretrial detainee elects home confinement, it is entirely speculative whether she will be convicted, so no protected liberty interest is impaired); Barreto v. Jeter, 249 F. App'x 986, 987 (5th Cir. 2007) (rejecting contention that due process requires notice to a pretrial detainee that confinement while released on bail will not count toward a possible future sentence).

For all these reasons, the Court will deny defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion Pursuant to Rule 59(e) Requesting District Court of Grant Jail-Time Credit (Doc. No. 168), is **DENIED WITHOUT PREJUDICE** to exhaust his remedies with the Bureau of Prisons and filing a § 2241 action in the district of confinement after exhaustion of those remedies. To this extent, the Government's Motion to Dismiss Petitioner's Motion, (Doc. No. 171), is **GRANTED**.

Signed: September 16, 2019

Max O. Cogburn Jr
United States District Judge